UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MANZOOR HUSSAIN JAVED, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>SOCIAL SECURITY ADMINISTRATION, )<br>)<br>Defendant. ) | Civil Action No. 1:24-cv-00761 (UNA) |

**MEMORANDUM OPINION**

This matter is before the court for initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court grants the IFP application and, for the reasons discussed below, it dismisses the complaint, and this case, without prejudice, for failure to state a claim. *See* 28 U.S.C. §1915(e)(2)(B)(ii).

Plaintiff, who currently resides in Germany, sues the Social Security Administration. *See* Compl. at 1. As background, plaintiff contends that he lived in the United States for approximately 30 years, from 1981 to 2011, and that, in 1986, he obtained a social security number and began making social security contributions in connection with a valid work permit. *See id.* at 1. In 2011, plaintiff was deported, and his subsequent applications for a visa to reenter the United States have been denied. *See id*. at 1–2. Despite this fact, plaintiff nonetheless asserts that he is 70 years old and entitled to receive social security benefits. *See id.* at 2. In July 2015, he apparently applied for social security benefits, but his claim was summarily denied because he had been deported and is no longer a legal resident of the United States. *See id*. Plaintiff now argues that he is entitled to either receive either monthly social security benefits or, alternatively, a refund of any social

security contributions that he and or his employer made to the federal government, prior to his deportation. *See id.*

Plaintiff has failed to state a claim. First, under the Immigration and Nationality Act of 1952, an individual who has been removed from the United States as deportable, or has been removed as inadmissible, cannot receive benefits under the Social Security Act, with limited exceptions that are inapplicable here. *See Perikli S. Z. v. Kijakazi*, No. 20-812, 2023 WL 3372309, at *8 (D.D.C. May 11, 2023) (fn. omitted) (citing 42 U.S.C. § 402(n) (§ 202(n) of the SSA); 20 C.F.R. § 404.464; *Isaraphanich v. Comm'r of Soc. Sec. Admin.*, No. 12-0700, 2013 WL 3168141, at *5 (D.D.C. June 21, 2013)), *R&R adopted*, 2023 WL 8189937 (D.D.C. July 14, 2023). And, if an individual is already receiving social security benefits, and is thereafter deported, "suspension of benefits is automatic." *See id.* (quoting *Marcello v. Bowen*, 803 F.2d 851, 855 (5th Cir. 1986)).

Second, plaintiff does not point to any legal authority to support his contention that he is somehow entitled to receive social security benefits, while deported and living in Germany, by mere virtue of his previous mandatory federal tax contributions. Indeed, to the contrary, in *Flemming v. Nestor*, 363 U.S. 603 (1960), the Supreme Court held that an individual bears no "accrued property right" in social security benefits based on one's social security contributions, *see id.* at 606–10; *see also Lansden v. Marsh*, 961 F. Supp. 1143, 1144–47 (M.D. Tenn. 1997) (construing *Flemming*, 363 U.S. at 606–10) (rejecting the plaintiffs' demand for a "refund" of "income tax paid on Social Security benefits" because the plaintiffs had "no property interest in the benefits received, [and] their argument that such benefits represented a return of their property, which was 'borrowed' and 'invested' by the federal government, must fail.").

Consequently, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date:   April 29, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge